IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**PRESSLEY B. ALSTON,**

    **Plaintiff,**

vs.                                        Case No. 4:13cv453-RH/CAS

**STATE OF FLORIDA DEATH ROW
DENTIST OFFICE, DR. LOAN LE,
and W. BENNETT,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, has been granted leave to proceed in forma pauperis in a separate Order entered this day. As Plaintiff has not been required to submit an initial partial filing fee, his civil rights complaint, filed under 42 U.S.C. § 1983, doc. 1, has been reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff's complaint alleges that in November of 2013, which must be assumed to be November of 2012, Plaintiff requested an appointment to get his teeth cleaned. Doc. 1 at 7. Plaintiff was advised his name would be placed on the waiting list for care. Plaintiff complains that he had to wait many months for the appointment, and he did not have his "dental check-up and examination" until sometime between April 28, 2013,

and May 7, 2013. *Id.* During the examination, Plaintiff was told that he had a small cavity. *Id.* Plaintiff blames the development of the cavity on the delay between requesting the dental appointment and the actual examination. *Id.* Plaintiff seeks to bring this § 1983 action for those events, although Plaintiff does not specify a clear request for relief. *Id.* at 8.

Deliberate indifference to the serious medical needs of sentenced prisoners violates the Eighth Amendment's prohibition of cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). A "'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. Dekalb Regional Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994), abrogated on other grounds by Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002), *quoting* Laaman v. Helgemoe, 437 F. Supp. 269, 311 (D. N.H. 1977). Alternatively, "a serious medical need is determined by whether a delay in treating the need worsens the condition" or "if left unattended, poses a substantial risk of serious harm." Mann v. Taser Intern., Inc., 588 F.3d 1291, 1307 (11th Cir. 2009), *citing* Hill, 40 F.3d at 1188-89, and Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.' " McElligott v. Foley, 182 F.3d 1248, 1254 (11 Cir. 1999) (citations omitted). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can

offend 'evolving standards of decency' in violation of the Eighth Amendment." Estelle, at 106, 97 S.Ct. at 292, *quoted in* McElligott, 182 F.3d at 1254.

Deliberate indifference has been described as a culpable state of mind of the defendant to unnecessarily and wantonly inflict pain or harm to a prisoner by depriving him of a basic human need. Wilson v. Seiter, 501 U.S. 294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). There are four requirements to bringing an Eighth Amendment claim for the denial of medical care: "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." Taylor v. Adams, 221 F.3d 1254 (11th Cir. 2000), *cert. denied* 531 U.S. 1077 (2001); Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). Put another way, once a prisoner shows that he has a serious medical need, "the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004), *citing* McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." Hill, 40 F.3d at 1187. Furthermore, routine discomfort does not qualify as a serious medical need. *Id.*

Against that backdrop it is clear that Plaintiff's complaint fails to present a viable claim for relief. Plaintiff has not alleged that he was in pain and unable to receive medical care. Plaintiff does not allege that any named Defendant intentionally refused to provide dental treatment or wilfully delayed Plaintiff's treatment. In addition, Plaintiff

does not allege that after discovery of the cavity, he was not given appropriate care. Plaintiff's sole claim is that he had a cavity, a routine dental issue, and had to wait five or six months for an appointment. A cavity is not a serious medical need, at least not where there are no allegations of extreme pain. Moreover, the fact that Plaintiff had to wait some period of months to receive routine dental care is not a violation of the Eighth Amendment. Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 19159e)(2)(B)(ii).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on September 17, 2013.


  S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**